UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

       Plaintiff,                        CASE NO. 05-CR-80869-3

v.                                      PAUL D. BORMAN
                                          UNITED STATES DISTRICT JUDGE

NOSH GOJCAJ,

       Defendant,
_____/

## ORDER DENYING MOTION FOR BOND PENDING APPEAL
## PURSUANT TO 18 U.S.C. §3145(b)

        Defendant's Guideline Sentencing range is 8-14 months. The Court heard Defendant's allocution??? at sentencing, ruled on his arguments, then gave him a break and limited his in-custody incarceration to 4 months, with 4 months of home detention.

        Specifically, the Court concluded that Defendant did not deserve an additional guideline point reduction based on his role in the conspiracy.

        Defendant's brief concedes at page 2 that the Court addressed the sentencing factors mandated in 18 U.S.C. §3553 (although the brief mistakenly cited the provision, time and again, as 18 U.S.C. §3223 a provision that does not exist). While Defendant argues that the Court "barely addressed" the factors, the record shows that the Court adequately addressed the factors. Title 18 U.S.C. §3146(b) states that a person found guilty of an offense and sentenced to a term of imprisonment, who has filed an appeal shall be detained unless the judicial officer finds, *inter alia*, that the appeal is not for purposes of delay and raises a substantial question of law or fact likely to result in reversal, a sentence that does not mandate a term of imprisonment, or a

reduced sentence less than the time of the appeal.

The Court finds that there is no valid basis for appeal from the sentence; that it is frivolous and for delay. The Court provided reasons on the record why it would not provide the defendant with an additional point reduction for his role in the offense. The Court's discussion of the guideline sentencing range with the probation officer was thoroughly appropriate. The probation officer is an arm of the Court. The Court is mandated to determine the guideline range, and then to consider it as one of the many §3553(a) factors in handing down a sentence. It did that.

For these reasons the Court, pursuant to 18 U.S.C. §3145(b), denies Defendant's Motion for Bond Pending Appeal.

SO ORDERED.


s/Paul D. Borman
PAUL D. BORMAN
UNITED STATES DISTRICT JUDGE

Dated:  February 5, 2007

CERTIFICATE OF SERVICE

Copies of this Order were served on the attorneys of record by electronic means or U.S. Mail on February 5, 2007.


s/Denise Goodine
Case Manager